**Count I**
**Violation of Title III of the Americans with Disabilities Act (ADA),**
**42 U.S.C. 12101 et seq.**
**Discrimination – Disparate Treatment**
**(Northwestern University)**

204. Plaintiff re-alleges and incorporates by reference each and every allegation made the foregoing paragraphs.

205. Title III of the ADA provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases or operates a place of public accommodation. 42 U.S.C. 12182(a).

206. By virtue of her endometriosis and co-morbid anxiety and depression, Plaintiff is a person with a "disability" as defined in 42 U.S.C. Sec 12102(1).

207. Plaintiff was "otherwise qualified" for the study of law at the Law School.

208. The University is a "place of public accommodation" as defined by 42 U.S.C. 12181(7).

209. At all times relevant hereto, Plaintiff was meeting the University's and the Law School's legitimate academic expectations.

210. As described above, the Dean took a number of adverse actions against Plaintiff, including but not limited to: (a) putting an indefinite "hold" on Plaintiff's registration; (b) unilaterally imposing unwarranted marks on Plaintiff's transcript; (d) ordering numerous staff and administrators from the University and Law School (including personnel from the SSD Office, Counseling Office, Career Strategy Center, Office of the Law School Dean, Records and Registration Office and Student Services) to refrain from communicating with or assisting her; (e) conditioning Plaintiff's return from her leave of absence on inappropriate and unduly

29

burdensome criteria; and (f) disciplining Plaintiff without affording her access to University and Law School procedures that would have provided her with due process.

211.    Plaintiff suffered further adverse action when, despite her attempt to notify the University of the Dean's discriminatory actions, the University ignored her complaints, violated its own procedures, and failed to adjudicate her OEOA claim, leaving her on indefinite "leave" status and thereby effectively and constructively expelling her.

212.    On information and belief, similarly situated students without disabilities were not subjected to the adverse actions described above.

213.    Plaintiff suffered an interruption of her program of legal studies, a delay in her career, loss of income and opportunity, mental anguish, and irreparable reputational, academic, and personal injury.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in favor of Plaintiff making the following findings and granting the following relief:

A.  Enter a declaratory judgment that the University interfered with Plaintiff's enjoyment of her rights under the ADA, and discriminated against her in violation of Title III of the ADA;

B.  Issue an injunction against the University to prevent the University from engaging in further acts of discrimination against Plaintiff on the basis of disability;

C.  Order the University to expunge all negative materials from Plaintiff's student record and to facilitate Plaintiff's transfer or admission to another law school or degree program of similar caliber and reputation;

D.  Order the University to direct the Dean to refrain from further interference with Plaintiff's transcript, with Plaintiff's transfer to another degree program, with Plaintiff's application to the bar, and with Plaintiff's future education and career prospects;

E.   Award attorney's fees and costs; and

F.   Award such other relief as the Court deems just and proper.

**Count II**
**Violation of Title III of the Americans with Disabilities Act (ADA),**
**42 U.S.C. 12101 et seq.**
**Interference, Coercion and Intimidation**
**(Northwestern University)**

214.   Plaintiff re-alleges and incorporates by reference each and every allegation made in the foregoing paragraphs.

215.   42 U.S.C. 12203(b) provides that: It shall be unlawful to coerce, intimidate, threaten or interfere with any individual in the exercise or enjoyment of or on account of his or her having exercised or enjoyed … any right granted or protected by this chapter.

216.   Plaintiff was exercising her rights under the ADA when she sought reasonable academic accommodations for her disability.  She was likewise exercising her rights under the ADA when she sought to avail herself of the goods, services, facilities, privileges, advantages and accommodations of the University and Law School.

217.   The Dean coerced, intimidated, threatened and interfered with Plaintiff's exercise and enjoyment of her rights by his actions and omissions as described above, including but not limited to: (a) putting her registration on an indefinite "hold"; (b) coercing her into providing the entirety of her medical records relating to her spring of 2013 hospitalization; (c) effectively excommunicating Plaintiff from the University and Law School communities by ordering University and Law School personnel not to communicate with her; (d) interfering with Plaintiff's participation in academic pursuits, including the annual writing competition for journal membership; (e) threatening to refuse to vouch for Plaintiff's character and fitness to the bar examiners and threatening to share negative opinions about Plaintiff with the deans of other

31

law schools; (f) demanding that Plaintiff meet with him for unspecified reasons and without the assistance of counsel or a representative from the SSD; and (g) interrogating, intimidating and threatening Plaintiff over the course of a two day meeting.

218. Plaintiff suffered an interruption of her program of legal studies, a delay in her career, loss of income and opportunity, mental anguish, and irreparable reputational, academic, and personal injury.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in favor of Plaintiff making the following findings and granting the following relief:

A. Enter a declaratory judgment that the University interfered with Plaintiff's enjoyment of her rights under the ADA, and coerced and intimidated her in violation of Title III of the ADA;

B. Issue an injunction against the University to prevent the University from engaging in further acts of coercion and interference against Plaintiff on the basis of disability;

C. Order the University to expunge all negative materials from Plaintiff's student record and to facilitate Plaintiff's transfer or admission to another law school or degree program of similar caliber and reputation;

D. Order the University to direct the Dean to refrain from further interference with Plaintiff's transcript, with Plaintiff's transfer to another law school or other degree program, with Plaintiff's application to the bar, and with Plaintiff's future education and career prospects;

E. Award attorney's fees and costs; and

F. Award such other relief as the Court deems just and proper.

**Count III**
**Violation of Title III of the Americans with Disabilities Act (ADA),**
**42 U.S.C. 12101 et seq.**
**Retaliation**
**(Northwestern University)**

219.    Plaintiff re-alleges and incorporates by reference each and every allegation made in the foregoing paragraphs.

220.    When Plaintiff requested reasonable academic accommodations she was engaged in a statutorily protected activity.

221.    As a direct result of, and in retaliation for, Plaintiff's exercise of her right to request reasonable academic accommodations in May of 2013, the Dean sanctioned her by undertaking the adverse actions alleged above in paragraph 210.

222.    Plaintiff suffered an interruption of her program of legal studies, a delay in her career, loss of income and opportunity, mental anguish, and irreparable reputational, academic, and personal injury.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in favor of Plaintiff making the following findings and granting the following relief:

A.  Enter a declaratory judgment that the University retaliated against Plaintiff in violation of Title III of the ADA;

B.  Issue an injunction against the University to prevent the University from engaging in further acts of discrimination and retaliation against Plaintiff on the basis of disability;

C.  Order the University to expunge all negative materials from Plaintiff's student record and to facilitate Plaintiff's transfer or admission to another law school or other degree program of similar caliber and reputation;

D.  Order the University to direct the Dean to refrain from further interference with Plaintiff's

transcript, with Plaintiff's transfer to another law school or degree program, with Plaintiff's

application to the bar, and with Plaintiff's future education and career prospects;

E.  Award attorneys fees and costs; and

F.  Award such other relief as the Court deems just and proper.

### Count IV
### Violation of Title III of the Americans with Disabilities Act (ADA),
### 42 U.S.C. 12101 et seq.
### Harassment/Hostile Learning Environment
### (Northwestern University)

223.  Plaintiff re-alleges and incorporates by reference each and every allegation made

in the foregoing paragraphs.

224.  As a person with a disability, Plaintiff is a member of a protected group.

225.  Plaintiff was subjected to unwelcome harassment as described above.  Some

incidents of harassment include, but are not limited to, the following: (a) the Dean accused

Plaintiff of manipulation and deceit and disparaged her character to a broad audience of Law

School and University personnel; (b) The Dean inappropriately suggested that Plaintiff required

mental health treatment; (c) The Dean misinformed Plaintiff's medical providers that Plaintiff

was fabricating her illness; (d) on information and belief, the Dean and/or another representative

from the Law School had unauthorized communications with Plaintiff's private psychiatrist(s) in

violation of the Illinois Mental Health and Developmental Disabilities Confidentiality Act; (e)

the Dean coerced Plaintiff into providing him with confidential medical records of an extremely

personal and intimate nature; (f) the Dean conditioned Plaintiff's return to the Law School on his

access to Plaintiff's health care providers, as well as to Plaintiff's former employer; (i) the Dean

inappropriately required Plaintiff to obtain "medical clearance" in order to return to the law school.

226.    The Dean's harassment of Plaintiff was based on her disability.

227.    The Dean's harassment was sufficiently severe and pervasive that it altered the conditions of Plaintiff's education and created an abusive education environment.

228.    The Dean used his authority as the Associate Dean/Dean of Students for the Law School to perpetrate his harassment of Plaintiff.

229.    Plaintiff put both the Law School and University communities on notice of the harassment, and even filed a grievance complaint with the OEOA.

230.    The University did nothing to stop the harassment.

231.    The Plaintiff suffered an interruption of her program of legal studies, a delay in her career, loss of income and opportunity, mental anguish, and irreparable reputational, academic, and personal injury.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in favor of Plaintiff making the following findings and granting the following relief:

A.  Enter a declaratory judgment that the University subjected Plaintiff to harassment and a hostile educational environment in violation of Title III of the ADA;

B.  Issue an injunction against the University to prevent the University from engaging in further acts of harassment against Plaintiff on the basis of disability;

C.  Order the University to expunge all negative materials from Plaintiff's student record and to facilitate Plaintiff's transfer to another law school or degree program of similar caliber and reputation;

D.  Order the University to direct the Dean to refrain from further interference with Plaintiff's transcript, with Plaintiff's transfer to another law school or degree program, with Plaintiff's application to the bar, and with Plaintiff's future education and career prospects;

E.  Award attorney's fees and costs; and

F.  Award such other relief as the Court deems just and proper.

### Count V
### Violation of Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. 12101 et seq. Failure to Accommodate (Northwestern University)

232.    Plaintiff re-alleges and incorporates by reference each and every allegation made in the foregoing paragraphs.

233.    The Dean refused to accommodate Plaintiff's requests for reasonable academic accommodations, including a delay in her exam schedule.

234.    As a result of Dean's refusal, Plaintiff was forced to take a final exam while extremely ill and subject to the sedating effects of multiple medications.

235.    The Dean's failure to accord Plaintiff reasonable academic accommodations denied her the benefits of the services, programs, and activities to which she is otherwise entitled as a student of the Law School and University, thereby violating Plaintiff's rights under the ADA and the regulations promulgated thereunder.

236.    As a direct and proximate result of Dean's failure to accommodate her disability, Plaintiff suffered irreparable reputational, academic, and personal injury, and mental anguish.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in favor of Plaintiff making the following findings and granting the following relief:

A. Enter a declaratory judgment that the University discriminated against Plaintiff by failing to afford her reasonable accommodations for her disability in violation of Title III of the ADA;

B. Issue an injunction against the University to prevent the University from engaging in further acts of discrimination against Plaintiff on the basis of disability;

C. Order Plaintiff's exam grade in her Constitutional Law class removed from her transcript;

D. Award attorneys fees and costs; and

E. Award such other relief as this Court deems just and proper.

### Count VI
### Violation of Section 504 of the Rehabilitation Act of 1973
### 29 U.S.C. 701 et seq.
### Discrimination – Disparate Treatment
### (Northwestern University)

237. Plaintiff re-alleges and incorporates by reference each and every allegation made in the foregoing paragraphs.

238. The Rehabilitation Act provides:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance… 29 U.S.C. 794(a).

239. By virtue of her endometriosis and co-morbid anxiety and depression, Plaintiff is an individual with a disability as defined by Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. 705(20).

240. Plaintiff is otherwise qualified for the study of law at the Law School.

241. Northwestern University, as a "university'" is a "program or activity" as defined by Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. 794(b).

242.     Northwestern University receives federal financial assistance, as defined by 29 U.S.C. 794, either directly or indirectly through federal financial aid, and as such, may not discriminate against a person because of her disability.

243.     Plaintiff specifically re-alleges paragraphs 204-213 above.

244.     Solely by reason of her disability, Plaintiff was excluded from the participation in, denied the benefits of, and subjected to discrimination at the University.

245.     In its disparate treatment of Plaintiff, the University acted willfully, deliberately and intentionally or with deliberate indifference toward her federally protected rights.

246.     Such acts, omissions and failures by the University proximately caused injuries to Plaintiff.

247.     The University wrongfully caused Plaintiff to be discriminated against and constructively and effectively expelled from the Law School, all in violation of her rights under Section 504 of the Rehabilitation Act of 1973.

248.     Plaintiff was deprived by the University of the opportunity to complete her study of law, obtain a juris doctorate degree, and pursue a legal career.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in favor of Plaintiff making the following findings and granting the following relief:

A.  Enter a declaratory judgment that the University discriminated against Plaintiff solely by reason of her disability in violation of the Rehabilitation Act;

B.  Issue an injunction against the University to prevent the University from engaging in further acts of discrimination against Plaintiff solely by reason of her disability;

C.  Order the University to expunge all negative materials from Plaintiff's student record and to facilitate Plaintiff's transfer or admission to another law school or degree program of similar caliber and reputation;

D.  Order the University to direct the Dean to refrain from further interference with Plaintiff's transcript, with Plaintiff's transfer to another law school or degree program, with Plaintiff's application to the bar, and with Plaintiff's future education and career prospects;

E.  Award Plaintiff money reasonably calculated to compensate her for all monetary damages sustained as a result of the discrimination by Defendants in an amount to be proven at trial;

F.  Award attorney's fees and costs; and

G.  Award such other relief as the Court deems just and proper.

**Count VII**
**Violation of Section 504 of the Rehabilitation Act of 1973**
**29 U.S.C. 701 et seq.**
**Interference, Coercion and Intimidation**
**(Northwestern University)**

249.    Plaintiff re-alleges and incorporates by reference each and every allegation made in the foregoing paragraphs.

250.    Plaintiff specifically re-alleges paragraphs 214-218 above.

251.    Solely by reason of her disability, Plaintiff was excluded from the participation in, denied the benefits of, and subjected to discrimination at the University.

252.    The University acted willfully, deliberately and intentionally or with deliberate indifference toward Plaintiff's federally protected rights.

253.    Such acts, omissions and failures by the University proximately caused injuries to Plaintiff.

254.    The University wrongfully caused Plaintiff to be discriminated against, to suffer interference, coercion and intimidation, and to be constructively and effectively expelled from the Law School, all in violation of her rights under Section 504 of the Rehabilitation Act of 1973.

255.    Plaintiff was deprived by the University of the opportunity to complete her study of law, obtain a juris doctorate degree, and pursue a legal career.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in favor of Plaintiff making the following findings and granting the following relief:

A.  Enter a declaratory judgment that the University discriminated against Plaintiff on the basis of her disability in violation of the Rehabilitation Act;

B.  Issue an injunction against the University to prevent the University from engaging in further acts of discrimination against Plaintiff solely by reason of her disability;

C.  Order the University to expunge all negative materials from Plaintiff's student record and to facilitate Plaintiff's transfer or admission to another law school or degree program of similar caliber and reputation;

D.  Order the University to direct the Dean to refrain from further interference with Plaintiff's transcript, with Plaintiff's transfer to another law school or degree program, with Plaintiff's application to the bar, and with Plaintiff's future education and career prospects;

E.  Award Plaintiff money reasonably calculated to compensate her for all monetary damages sustained as a result of the discrimination by Defendants in an amount to be proven at trial;

F.  Award attorney's fees and costs; and

G.  Award such other relief as the Court deems just and proper.

**Count VIII**
**Violation of Section 504 of the Rehabilitation Act of 1973**
**29 U.S.C. 701 et seq.**
**Retaliation**
**(Northwestern University)**

256.    Plaintiff re-alleges and incorporates by reference each and every allegation made in the foregoing paragraphs.

257.    Plaintiff specifically re-alleges paragraphs 219-222 above.

258.    Solely by reason of her disability, Plaintiff was excluded from the participation in, denied the benefits of, and subjected to discrimination at the University.

259.    In its retaliation against Plaintiff for her exercise of federally protected rights, the Defendant acted willfully, deliberately and intentionally or with deliberate indifference.

260.    Such acts, omissions and failures by the University proximately caused injuries to Plaintiff.

261.    The University wrongfully caused Plaintiff to be discriminated and retaliated against, and to be constructively and effectively expelled from the Law School, all in violation of her rights under Section 504 of the Rehabilitation Act of 1973.

262.    Plaintiff was deprived by the University of the opportunity to complete her study of law, obtain a juris doctorate degree, and pursue a legal career.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in favor of Plaintiff making the following findings and granting the following relief:

A.  Enter a declaratory judgment that the University retaliated against Plaintiff for the exercise of her statutorily protected rights in violation of the Rehabilitation Act;

B.  Issue an injunction against the University to prevent the University from engaging in further acts of retaliation and discrimination against Plaintiff solely by reason of her disability;

C.  Order the University to expunge all negative materials from Plaintiff's student record and to facilitate Plaintiff's transfer or admission to another law school or degree program of similar caliber and reputation;

D.  Order the University to direct the Dean to refrain from further interference with Plaintiff's transcript, with Plaintiff's transfer to another law school or degree program, with Plaintiff's application to the bar, and with Plaintiff's future education and career prospects;

E.  Award Plaintiff money reasonably calculated to compensate her for all monetary damages sustained as a result of the discrimination by Defendants in an amount to be proven at trial;

F.  Award attorney's fees and costs; and

G.  Award such other relief as the Court deems just and proper.

**Count IX**
**Violation of Section 504 of the Rehabilitation Act of 1973**
**29 U.S.C. 701 et seq.**
**Harassment/Hostile Learning Environment**
**(Northwestern University)**

263.    Plaintiff re-alleges and incorporates by reference each and every allegation made in the foregoing paragraphs.

264.    Plaintiff specifically re-alleges paragraphs 223-231 above.

265.    Solely by reason of her disability, Plaintiff was excluded from the participation in, denied the benefits of, and subjected to discrimination at the University.

266.    The University acted willfully, deliberately and intentionally or with deliberate indifference in harassing (and/or acquiescing to the harassment of Plaintiff) and maintaining a hostile learning environment.

42

267.     Such acts, omissions and failures by the University proximately caused injuries to Plaintiff.

268.     The University wrongfully caused Plaintiff to be discriminated against and subject to harassment and to be constructively and effectively expelled from the Law School, all in violation of her rights under Section 504 of the Rehabilitation Act of 1973.

269.     Plaintiff was deprived by the University of the opportunity to complete her study of law, obtain a juris doctorate degree, and pursue a legal career.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in favor of Plaintiff making the following findings and granting the following relief:

A.  Enter a declaratory judgment that the University retaliated against Plaintiff for the exercise of her statutorily protected rights in violation of the Rehabilitation Act;

B.  Issue an injunction against the University to prevent the University from engaging in further acts of discrimination against Plaintiff solely by reason of her disability;

C.  Order the University to expunge all negative materials from Plaintiff's student record and to facilitate Plaintiff's transfer or admission to another law school or degree program of similar caliber and reputation;

D.  Order the University to direct the Dean to refrain from further interference with Plaintiff's transcript, with Plaintiff's transfer to another law school or degree program, with Plaintiff's application to the bar, and with Plaintiff's future education and career prospects;

E.  Award Plaintiff money reasonably calculated to compensate her for all monetary damages sustained as a result of the discrimination by Defendants in an amount to be proven at trial;

F.  Award attorney's fees and costs; and

G.  Award such other relief as the Court deems just and proper.

**Count X**
**Violation of Section 504 of the Rehabilitation Act of 1973**
**29 U.S.C. 701 et seq.**
**Failure to Accommodate**
**(Northwestern University)**

270.     Plaintiff re-alleges and incorporates by reference each and every allegation made in the foregoing paragraphs.

271.     Plaintiff specifically realleges and incorporates paragraphs 232-236.

272.     Solely by reason of her disability, Plaintiff was excluded from the participation in, denied the benefits of, and subjected to discrimination at the University.

273.     The University intentionally discriminated or acted with deliberate indifference in failing to provide appropriate and necessary accommodations to Plaintiff so that she could continue in her study of law at the Law School.

274.     Such acts, omissions and failures by the University proximately caused injuries to Plaintiff.

275.     The University wrongfully caused Plaintiff to be discriminated against, denied reasonable accommodations, and constructively and effectively expelled from the Law School, all in violation of her rights under Section 504 of the Rehabilitation Act of 1973.

276.     Plaintiff was deprived by the University of the opportunity to complete her study of law, obtain a juris doctorate degree, and pursue a legal career.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in favor of Plaintiff making the following findings and granting the following relief:

A.  Enter a declaratory judgment that the University discriminated against Plaintiff by failing to afford her reasonable accommodations for her disability in violation of the Rehabilitation Act;

B.  Issue an injunction against the University to prevent the University from engaging in further acts of discrimination against Plaintiff solely by reason of her disability;

C.  Order Plaintiff's exam grade in her Constitutional Law class removed from her transcript;

D.  Award Plaintiff money reasonably calculated to compensate her for all monetary damages sustained as a result of the discrimination by Defendants in an amount to be proven at trial;

E.  Award attorney's fees and costs; and

F.  Award such other relief as the Court deems just and proper.

**Count XI**
**Breach of Contract**
**(Northwestern University)**

277.    Plaintiff re-alleges and incorporates by reference each and every allegation made in the foregoing paragraphs.

278.    Plaintiff has an express and implied contract with the University.

279.    The University offered Plaintiff placement in the Law School; Plaintiff accepted the offer and in consideration thereof, paid tuition to the University.

280.    The documents distributed to students by the University, including, but not limited to, the Student Handbook, Law School Rules and Regulations, Student Affairs Office of Student Conduct and Conflict Resolution (collectively the "Rules"), form part of the contract between Plaintiff and the University.

281.    Plaintiff performed her obligations under the contract.

282.     Under the terms of its contract with Plaintiff, the University had a duty to follow the procedures set forth in its Rules.

283.     The University breached the contract by failing to afford Plaintiff the due process procedures set forth in its Rules for suspected violations of academic integrity and violations of the Student Code of Conduct.

284.     The University's failure to abide by its Rules was arbitrary and capricious.

285.     Plaintiff has suffered and continues to suffer substantial harm as a result of University's breach.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in favor of Plaintiff making the following findings and granting the following relief:

A.  Award Plaintiff money reasonably calculated to compensate her for all monetary damages sustained as a result of the University's breach of contract in an amount to be proven at trial;

B.  Award attorneys fees and costs; and

C.  Award such other relief as the Court deems just and proper.

### Count XII
### Intentional Infliction of Emotional Distress
### (Dean Zimmerman and Northwestern University)

286.     Plaintiff re-alleges and incorporates by reference each and every allegation made in the foregoing paragraphs.

287.     As Associate Dean/Dean of Students of the Law School, the Dean was in a position of power and authority over Plaintiff.  Indeed, the Dean exerted almost complete control over the success or failure of Plaintiff's law school career and future professional possibilities.

288.     The Dean's conduct toward Plaintiff was extreme and outrageous.  The Dean acted in a manner that was extreme and outrageous when he, among other things:  (a) insisted

that Plaintiff provide him with her private medical records, including images and reports from gynecological and intestinal examinations; (b) abused his authority (for example, by putting a "hold" on Plaintiff's registration, imposing failing grades on her transcript) in order to coerce Plaintiff into producing those records; (c) interfered with Plaintiff's relationship with her private psychiatrist, causing her to lose psychiatric and pharmacological care; (d) disparaged Plaintiff's reputation with her medical providers; (e) forced Plaintiff to take a six hour exam while extremely ill; (f) threatened to defame Plaintiff's reputation amongst other law school deans such that Plaintiff would be unable to transfer to another law school; (g) demanded access to Plaintiff's health care providers; (h) demanded access to Plaintiff's summer employer; (i) authorized the University's IT technician to make a blanket search of Plaintiff's computer; (j) threatened to refuse to vouch for Plaintiff's good character and fitness to the bar examiners; (k) interrogated Plaintiff over the course of a six hour meeting, during which Plaintiff was not allowed to be accompanied by counsel or a representative from the SSD; (l) rendered it impossible for Plaintiff to interview for summer associate and judicial clerkship positions; (m) maligned Plaintiff's reputation to the Law School and University communities, rendering her a veritable pariah on campus; and (n) imposed inappropriate and burdensome conditions on Plaintiff's return from her LOA, such that Plaintiff has been constructively expelled from the Law School.

289.    Plaintiff was particularly susceptible to emotional distress because of her disability and co-morbid anxiety and depression.

290.    The Dean was aware of Plaintiff's susceptibility and knew that his conduct would cause Plaintiff emotional distress.

47

291.    Plaintiff reasonably believed the Dean would carry out his threats since he was in a position of authority and had in fact already abused that authority by taking unilateral disciplinary actions against her.

292.    The Dean's conduct constituted a course of acts intended to humiliate, shame and embarrass Plaintiff and to irreparably damage her reputation.

293.    As a proximate result of the intentional acts by the Dean and his abuse of his authority, Plaintiff suffered shame, humiliation, embarrassment, anguish, damage to her self-esteem and extreme emotional distress.

294.    Plaintiff's emotional distress has resulted in sleep, eating and mood disturbances, isolation and withdrawal, loss of community reputation, and exacerbation of anxiety and depression.

295.    Plaintiff has required increased medical and/or psychological/psychiatric care as a result of the malfeasance and nonfeasance of Defendants.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in favor of Plaintiff making the following findings and granting the following relief:

A.  Award Plaintiff money reasonably calculated to compensate her for all monetary damages sustained as a result of the Defendants' intentional infliction of emotional distress in an amount to be proven at trial;

B.  Award punitive damages;

C.  Award attorney's fees and costs; and

D.  Award such other relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a jury trial for all issues in

this matter.

Dated: February 2, 2015

Respectfully submitted,

By:   /s/ Jill Calian_____
       Jill Calian (#6202265)


       /s/ Rachael Gross_____
       Rachael Gross (#6207046)

       Calian & Gross, LLP
       1940 Sherman Ave., Suite A
       Evanston, IL 60201
       (847) 736-7978 or
       (847) 226-0298
       jillcalian@calianandgross.com
       rachaelgross@calianandgross.com
       Counsel for Plaintiff, Annie Liu